IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JEFFREY T. ELLIS and ANGELA ELLIS,  )
                                    )
                     Plaintiffs,    )
                                    )
vs.                                 )       CIVIL NO. 09-677-GPM
                                    )
HANSEN & ADKINS AUTO TRANSPORT,    )
NISSAN  NORTH  AMERICA,  INC.,  and )
COTTRELL, INC.,                     )
                                    )
                     Defendants.    )

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

## I. INTRODUCTION

Plaintiffs Jeffrey T. Ellis and Angela Ellis bring this action seeking recovery of damages in connection with an accident that occurred on July 21, 2008, in which Mr. Ellis allegedly sustained personal injuries.  It appears from the allegations of the operative complaint in this case that at the time of the accident giving rise to the case Jeffrey Ellis was an automobile hauler who was employed by Premium of Tennessee and who had been leased to Defendant Hansen & Adkins Auto Transport ("Hansen").  While loading vehicles manufactured by Defendant Nissan North America, Inc. ("Nissan"), onto a trailer manufactured and sold by Defendant Cottrell, Inc. ("Cottrell"), Mr. Ellis was injured when a ratchet mechanism in the automobile tie-down system with which the trailer was equipped allegedly malfunctioned.  Mr. Ellis asserts a claim based upon theories of strict products liability, negligence, and breach of implied warranty against Cottrell, as well as a claim for strict products liability against Hansen and a claim

for negligence against Nissan.  Angela Ellis asserts a derivative claim for loss of consortium against Cottrell, Hansen, and Nissan.  This case was filed originally in the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois, and has been removed to this Court by Cottrell, which alleges federal subject matter jurisdiction on the basis of diversity of citizenship.  Mr. and Mrs. Ellis have moved for remand of this case to state court on the basis of a procedural defect in the removal of the case and lack of subject matter jurisdiction (Doc. 12).  The motion to remand has been fully briefed and is ripe for decision.  For the reasons that follow, the Court concludes that this case must be remanded to state court for lack of jurisdiction in diversity.

## II. ANALYSIS

As an initial matter the Court notes the standard under which it must evaluate the instant motion for remand.  Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  The party seeking removal, as the proponent of federal subject matter jurisdiction, has the burden of proof as to the existence of such jurisdiction.  *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006); *Welch v. Norfolk S. Ry. Co.*, Civil No. 09-209-GPM, 2009 WL 2365596, at *1 (S.D. Ill. May 27, 2009).  "'Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum.'  Put another way, there is a strong presumption in favor of remand."  *Fuller v. BNSF Ry. Co.*, 472 F. Supp. 2d 1088, 1091 (S.D. Ill. 2007) (quoting *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)).  Finally, "[d]oubts concerning removal must be resolved in favor of remand to the state court."  *Alsup v. 3-Day Blinds, Inc.*, 435 F. Supp. 2d

838, 841 (S.D. Ill. 2006). *See also Stephens v. A.W. Chesterton, Inc.*, Civil No. 09-633-GPM, 2009 WL 3517560, at *1 (S.D. Ill. Oct. 22, 2009) ("Any doubts about the propriety of removal must be resolved against removal and in favor of remand to state court."); *Littleton v. Shelter Ins. Co.*, No. 99-912-GPM, 2000 WL 356408, at *1 (S.D. Ill. Mar. 9, 2000) ("The removal statute, 28 U.S.C. § 1441, is construed narrowly, and doubts concerning removal are resolved in favor of remand.").

### A.    Procedural Defect in Removal

Turning to the instant motion for remand, Mr. and Mrs. Ellis contend that the removal of this case is procedurally defective because Cottrell failed to comply with the requirement set out in 28 U.S.C. § 1446 that a defendant seeking to remove an action must attach to its notice of removal "a copy of all process, pleadings, and orders served upon such defendant . . . in such action." 28 U.S.C. § 1446(a). Mr. and Mrs. Ellis argue that Cottrell did not comply with Section 1446(a) because Cottrell did not attach to its notice of removal copies of the executed summonses in this case that were filed in state court. While this is true, it does not warrant remand of this case to state court. The United States Court of Appeals for the Seventh Circuit has instructed that substantial compliance with Section 1446(a) is sufficient to meet the statutory requirement. "The directive of § 1446(a) that 'a copy of all process, pleadings and orders' served upon him in the state court action be lodged in the district court by the party removing the action is obviously intended to provide the district court with the record materials necessary to enable the court and the litigants to delineate the issues to be tried." *Riehl v. National Mut. Ins. Co.*, 374 F.2d 739, 742 (7th Cir. 1967). Accordingly, where the record of the state-court proceedings attached to a notice of removal, though incomplete, is sufficient to give a district court notice of the nature of a case and the asserted basis for federal

subject matter jurisdiction, a violation of Section 1446(a) does not require remand of the case to state court. If an infraction of the statute amounts to "a minor irregularity of no consequence," as is the case here, "[t]he basic purpose of the § 1446(a) directive [is] neither frustrated nor unfulfilled," because "[t]o permit this minor irregularity to defeat the District Court's jurisdiction would be to elevate form over substance." *Id. See also Kalbfleisch v. Columbia Cmty. Unit Sch. Dist. Unit No. 4*, 644 F. Supp. 2d 1084, 1087 n.2 (S.D. Ill. 2009) (small instances of failure to comply fully with Section 1446(a) are not grounds to deny removal); *Pruitt v. Kelly Moore Paint Co.*, Civil No. 07-768-GPM, 2007 WL 4225654, at *2 n.1 (S.D. Ill. Nov. 13, 2007) (same); *Disher v. Citigroup Global Mkts., Inc.*, 487 F. Supp. 2d 1009, 1015 n.4 (S.D. Ill. 2007) (same). Here there is no dispute that Cottrell effected removal within thirty days of service of Mr. and Mrs. Ellis's complaint as required by 28 U.S.C. § 1446(b), and thus the Court attributes no significance to Cottrell's failure to attach filed returns of service to its notice of removal. Accordingly, the Court declines to remand the case on this basis.[1]

**B.     Fraudulent Joinder to Defeat Diversity Jurisdiction**

The Court turns then to the issue of subject matter jurisdiction. In general, of course, the exercise of federal subject matter jurisdiction in diversity requires that the parties to a case be of completely diverse state citizenship, that is, no plaintiff may be a citizen of the same state as any defendant, and that an amount in excess of $75,000, exclusive of interest and costs, be in controversy. *See* 28 U.S.C. § 1332(a)(1); *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 547

---

1.     To the extent Cottrell's counsel argue that local rules of this Court governing electronic filing of cases precluded them from attaching returns of service to their notice of removal, the Court disagrees. On the contrary, the Court encourages removing defendants to attach such documents to their notices of removal. *See, e.g., Reynolds v. Schucks Markets, Inc.*, Civil No. 09-334-GPM, 2009 WL 2259251, at *1 n.3 (S.D. Ill. May 19, 2009).

(7th Cir. 2008); *Busch v. Lee Enters., Inc.*, Civil No. 09-780-GPM, 2009 WL 4030928, at *1 (S.D. Ill. Nov. 20, 2009); *Vogel v. Merck & Co.*, 476 F. Supp. 2d 996, 998 (S.D. Ill. 2007).  Here it appears from the severe and permanent nature of the injuries alleged that an amount in excess of $75,000, exclusive of interest and costs, is in controversy.  *See Andrews v. E.I. Du Pont De Nemours & Co.*, 447 F.3d 510, 514-15 (7th Cir. 2006); *Doles v. Johnson & Johnson*, Civil No. 09-862-GPM, 2009 WL 3349806, at *2 (S.D. Ill. Oct. 19, 2009); *Ford v. Keck*, No. 06-cv-667-DRH, 2007 WL 1022003, at *2 (S.D. Ill. Apr. 2, 2007).  Nevertheless, diversity of citizenship is not complete.  Mr. and Mrs. Ellis are citizens of Tennessee, which is to say they are domiciled in Tennessee.  *See Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993) (citing *Gilbert v. David*, 235 U.S. 561 (1915)); *Kubitschek v. Shelter Mut. Ins. Co.*, Civil No. 09-937-GPM, 2009 WL 3769984, at *2 (S.D. Ill. Nov. 9, 2009); *Cassens v. Cassens*, 430 F. Supp. 2d 830, 832-33 (S.D. Ill. 2006).  Nissan, which is incorporated under California law, has its principal place of business in Tennessee and thus is a citizen of both California and Tennessee for diversity purposes. *See* 28 U.S.C. § 1332(c)(1); *Nuclear Eng'g Co. v. Scott*, 660 F.2d 241, 250 (7th Cir. 1981); *Lyerla v. Amco Ins. Co.*, 461 F. Supp. 2d 834, 836 (S.D. Ill. 2006).  However, Cottrell contends that the Court can disregard the non-diverse state citizenship of Nissan because Nissan has been fraudulently joined to defeat diversity jurisdiction.[2]

---

2.    As to the citizenship of the other parties to this case, for purposes of diversity jurisdiction Cottrell is a corporate citizen of Georgia and Hansen is a corporate citizen of California.  The Court notes that some jurisdictional allegations of Cottrell's notice of removal are made on "information and belief."  Doc. 2 at 1 ¶ 2.  In general, allegations of federal subject matter jurisdiction must be made on personal knowledge, not information and belief.  *See America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992); *Lyerla v. AMCO Ins. Co.*, 462 F. Supp. 2d 931 (S.D. Ill. 2006).  However, because for the reasons discussed infra the Court concludes that this case is due to be remanded, the Court will not require Cottrell to correct the defective allegations of subject matter jurisdiction in its notice of removal.

In evaluating diversity of citizenship, a court must disregard a defendant that has been fraudulently joined. *See Schwartz v. State Farm Mut. Auto. Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999); *Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 (S.D. Ill. 2006); *Brooks v. Merck & Co.*, 443 F. Supp. 2d 994, 998 (S.D. Ill. 2006). A defendant is fraudulently joined when "there is no possibility that a plaintiff can state a cause of action against [the] nondiverse defendant[ ] in state court, or where there has been outright fraud in plaintiff's pleading of jurisdictional facts." *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993). *See also Hoosier Energy Rural Elec. Coop., Inc. v. Amoco Tax Leasing IV Corp.*, 34 F.3d 1310, 1315 (7th Cir. 1994); *Smith v. Merck & Co.*, 472 F. Supp. 2d 1096, 1098 (S.D. Ill. 2007). A defendant seeking removal based on alleged fraudulent joinder to defeat diversity jurisdiction shoulders the "heavy" burden of proving that, after the court resolves all issues of law and fact in the plaintiff's favor, there is no possibility that the plaintiff can establish a cause of action against a non-diverse defendant in a state court. *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992); *Bancroft v. Bayer Corp.*, Civil No. 09-787-GPM, 2009 WL 3156706, at *2 (S.D. Ill. Sept. 29, 2009); *Bavone v. Eli Lilly & Co.*, Civil No. 06-153-GPM, 2006 WL 1096280, at *2 (S.D. Ill. Apr. 25, 2006); *McNichols v. Johnson & Johnson*, 461 F. Supp. 2d 736, 739 (S.D. Ill. 2006).[3]

---

3.   As a rule, of course, all defendants in a removed case that were properly joined and served at the time of the removal are required to consent to the removal; thus, the consent of a fraudulently joined defendant to removal is not required. *See Northern Ill. Gas Co. v. Airco Indus. Gases, Div. of Airco, Inc.*, 676 F.2d 270, 272 (7th Cir. 1982); *P. P. Farmers Elevator Co. v. Farmers Elevator Mut. Ins. Co.*, 395 F.2d 546, 547-48 (7th Cir. 1968); *Stephens v. Burns & Wilcox, Ltd.*, Civil No. 09-860-GPM, 2009 WL 3756444, at *4 (S.D. Ill. Nov. 7, 2009); *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1061 (S.D. Ill. 2006). Here Nissan has not consented to removal but, in light of Cottrell's allegation that Nissan has been fraudulently joined, the Court disregards Nissan's consent to removal. Hansen has consented to the removal.

In this instance Cottrell does not allege outright fraud in Mr. and Mrs. Ellis's pleading of jurisdictional facts and instead claims that there is no possibility that Mr. and Mrs. Ellis can establish a cause of action against Nissan in state court.  Concerning this type of challenge to the joinder of a non-diverse defendant, the Seventh Circuit Court of Appeals suggested recently that the standard under which such a claim of fraudulent joinder is evaluated may be "even more favorable to the plaintiff than the standard that applies to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 764 (7th Cir. 2009) (citing *Rutherford v. Merck & Co.*, 428 F. Supp. 2d 842, 847 (S.D. Ill. 2006)). This is because, in evaluating whether a plaintiff can establish a cause of action against a non-diverse defendant, a court is narrowly confined to the pleadings and must resolve all questions of fact and of law against removal, save in a small class of cases where a plaintiff's inability to establish a cause of action against a diversity-defeating party in state court can be proven incontrovertibly through summary evidence that shows to a clear and convincing standard of proof that a diversity-defeating party has no connection to a controversy.  *See Driscoll v. Brown & Crouppen, P.C.*, Civil No. 09-859-GPM, 2009 WL 3770190, at *2 & n.3 (S.D. Ill. Nov. 10, 2009); *Hildebrandt v. Johnson & Johnson*, Civil No. 09-863-GPM, 2009 WL 3349913, at *4 (S.D. Ill. Oct. 19, 2009); *Asperger v. Shop Vac Corp.*, 524 F. Supp. 2d 1088, 1095 (S.D. Ill. 2007); *Hardaway v. Merck & Co.*, Civil No. 06-465-GPM, 2006 WL 2349965, at *2 (S.D. Ill. Aug. 11, 2006); *Hauck v. ConocoPhillips Co.*, Civil No. 06-135-GPM, 2006 WL 1596826, at *4 (S.D. Ill. June 6, 2006).  Here Cottrell proffers no summary evidence showing by a clear and convincing standard of proof that Nissan has no connection to this controversy and argues instead that, as a matter of law, Nissan owed no duty of care to Mr. Ellis.

Before addressing the merits of Cottrell's claim of fraudulent joinder, the Court first must determine the relevant state law under which to test Cottrell's claim that Nissan owed no duty to Mr. Ellis. Cottrell contends that the relevant state law is that of Tennessee. The Court disagrees. It is unclear from the record what relationship Tennessee has to this controversy, apart from the fact that, as already has been noted, Mr. and Mrs. Ellis live there, and in any event Cottrell has not pointed to any significant difference between the law of Illinois and Tennessee that warrants the application of Tennessee law. A federal court sitting in diversity, as here, must apply state substantive law, including state law governing choice of law matters. *See S.C. Johnson & Son, Inc. v. Buske*, Civil No. 09-286-GPM, 2009 WL 3010833, at *9 n.6 (S.D. Ill. Sept. 17, 2009) (citing *Kalmich v. Bruno*, 553 F.2d 549, 552 (7th Cir. 1977)). Under Illinois choice of law rules, a conflict of laws exists only where the application of one state's law over that of another state will make a difference in the outcome of a case, and where there is no conflict in the relevant state law, an Illinois court will apply Illinois law. *See Sterling Fin. Mgmt., L.P. v. UBS PaineWebber, Inc.*, 782 N.E.2d 895, 899 (Ill. App. Ct. 2002); *Malatesta v. Mitsubishi Aircraft Int'l, Inc.*, 655 N.E.2d 1093, 1096 (Ill. App. Ct. 1995). *Cf. Barron v. Ford Motor Co. of Canada*, 965 F.2d 195, 197 (7th Cir. 1992) ("[B]efore entangling itself in messy issues of conflict of laws a court ought to satisfy itself that there actually is a difference between the relevant laws of the different states."); *International Adm'rs, Inc. v. Life Ins. Co. of N. Am.*, 753 F.2d 1373, 1376 n.4 (7th Cir. 1985) (citing *In re Air Crash Disaster Near Chicago, Ill. on May 25, 1979*, 644 F.2d 594, 605 (7th Cir. 1981)) ("Conflicts [of laws] rules are appealed to only when a difference in law will make a difference to the outcome."); *Highland Supply Corp. v. Kurt Weiss Greenhouses, Inc.*, Civil No. 08-859- GPM, 2009 WL 2365244, at *2 n.1 (S.D. Ill. Apr. 28, 2009) (where parties have not identified a conflict of laws,

the court need not make a choice of laws).  Absent evidence of a meaningful difference between Tennessee law and Illinois law governing the question of legal duties under state negligence law, the Court will test the issue of duty using Illinois law.

To state a cause of action for negligence under Illinois law, a plaintiff must show that (1) the defendant owed him or her a duty of care; (2) the defendant breached that duty; and (3) the breach was the proximate cause of the plaintiff's injuries.  *See Staples v. Krack Corp.*, 186 F.3d 977, 979 (7th Cir. 1999) (citing *Ward v. K Mart Corp.*, 554 N.E.2d 223, 226 (Ill. 1990)); *Wojdyla v. City of Park Ridge*, 592 N.E.2d 1098, 1100 (Ill. 1992); *Hooper v. Cook County*, 851 N.E.2d 663, 668 (Ill. App. Ct. 2006).  Whether a duty exists is a question of law.  *See LaFever v. Kemlite Co.*, 706 N.E.2d 441, 446 (Ill. 1998); *Martens v. MCL Constr. Corp.*, 807 N.E.2d 480, 489 (Ill. App. Ct. 2004); *Buchaklian v. Lake County Family YMCA*, 732 N.E.2d 596, 599 (Ill. App. Ct. 2000).  The existence of a duty turns in large part on public policy considerations and, most importantly, on four factors that must be part of the policy consideration in reaching a conclusion about the imposition of a duty:  (1) the reasonable foreseeability of the injury; (2) the likelihood of the injury; (3) the magnitude of the burden on a defendant of guarding against the injury; and (4) the consequences of placing that burden on the defendant.  *See Marshall v. Burger King Corp.*, 856 N.E.2d 1048, 1057 (Ill. 2006); *City of Chicago v. Beretta U.S.A. Corp.*, 821 N.E.2d 1099, 1125 (Ill. 2004); *Bajwa v. Metropolitan Life Ins. Co.*, 804 N.E.2d 519, 529 (Ill. 2004); *Lance v. Senior*, 224 N.E.2d 231, 233 (Ill. 1967); *Pullia v. Builders Square, Inc.*, 638 N.E.2d 688, 692 (Ill. App. Ct. 1994); *Ortiz v. City of Chicago*, 398 N.E.2d 1007, 1012 (Ill. App. Ct. 1979). Finally, "[i]t is axiomatic that every person owes to all others a duty to exercise ordinary care to guard against injury which naturally flows as a reasonably probable and foreseeable consequence of

his act, and that such duty does not depend upon contract, privity of interest, or the proximity of relationship, but extends to remote and unknown persons." *Buerkett v. Illinois Power Co.*, 893 N.E.2d 702, 713 (Ill. App. Ct. 2008) (quoting *Nelson v. Union Wire Rope Corp.*, 199 N.E.2d 769, 779 (Ill. 1964)). *See also Kahn v. James Burton Co.*, 126 N.E.2d 836, 840 (Ill. 1955); *Wintersteen v. National Cooperage & Woodenware Co.*, 197 N.E. 578, 582 (Ill. 1935); *Melchers v. Total Elec. Constr.*, 723 N.E.2d 815, 818 (Ill. App. Ct. 1999); *Bangert v. Nolan*, 265 N.E.2d 199, 201-02 (Ill. App. Ct. 1970).

In the specific context of injuries caused by defective products, Illinois law, both in cases based upon strict products liability and cases based upon negligence, imposes liability to a person injured by a defective product upon all persons in "the original producing and marketing chain" of the injury-causing product. *Cruz v. Midland-Ross Corp.*, 813 F. Supp. 628, 630 (N.D. Ill. 1993) (quoting *Peterson v. Lou Bachrodt Chevrolet Co.*, 329 N.E.2d 785, 786 (Ill. 1975)). *See also Netherton v. Yamaha Motor Corp., U.S.A.*, No. 05 C 5265, 2007 WL 869480, at *3 (N.D. Ill. Mar. 19, 2007) (applying Illinois law) (granting summary judgment as to a negligence claim regarding an allegedly defective motorcycle where the defendant "did not design or manufacture the allegedly defective motorcycle, including any of its component parts," and "did not exercise any control over the design or manufacture of the subject motorcycle and provided no input into the design or manufacture of the subject motorcycle or its component parts"); *Hammond v. North Am. Asbestos Corp.*, 454 N.E.2d 210, 216-17 (Ill. 1983) (under Illinois law, "all persons in the distributive chain" of a defective product who place such a product into the "stream of commerce," including suppliers, distributors, wholesalers and retailers, "may be held . . . liable to an injured user"). Judicial determination of whether a party falls within the original producing and

marketing chain of a defective product ultimately turns, as noted, on public policy concerns, with the policy behind imposing liability on persons in the original producing and marketing chain of a defective product being "justified on the ground that their position in the marketing process enables them to exert pressure on the manufacturer to enhance the safety of the product." *Cruz*, 813 F. Supp. at 630 (quoting *Peterson*, 329 N.E.2d at 787). *See also Patton v. T. O. F. C., Inc.*, 398 N.E.2d 313, 318 (Ill. App. Ct. 1979) (noting that a policy reason for imposing liability on members of the original producing and marketing chain of a defective product "is that it gives them an incentive to pressure the manufacturer to provide safer products for consumers").

Here, the gist of Mr. and Mrs. Ellis's allegations of negligence regarding Nissan is that Nissan, although not the manufacturer of the automobile tie-down system that allegedly caused Mr. Ellis's injuries, nonetheless exercised significant control over the design and manufacture of the tie-down system. Specifically, Plaintiffs' complaint alleges that Nissan required the tie-down system at issue to be used in transporting its vehicles and supplied instructions for using the tie-down system to transport its vehicles. The complaint alleges further that at the time of the accident giving rise to this case Nissan was aware of numerous injuries and near-injuries caused by the automobile tie-down system. However, the complaint alleges, Nissan had an economic incentive to use the tie-down system involved in Mr. Ellis's accident and employed its economic leverage with manufacturers of trailers like Cottrell to prevent the adoption of a safer alternative design. In light of these allegations, the Court cannot conclude that, as a matter of law, Nissan owed no duty of care to Mr. Ellis. *See Cruz*, 813 F. Supp. at 630 (quoting *Dunham v. Vaughan & Bushnell Mfg. Co.*, 247 N.E.2d 401, 404 (Ill. 1969)) (noting that the liability of persons in the original producing and marketing

chain of a defective product "arises from [their] integral role in the overall producing and marketing enterprise and affords an additional incentive to safety"). *Cf.* W. Prosser, W. Keeton, Prosser and Keeton on Torts, § 100 at 707 (5th ed. 1984) ("It can be said that all those who participate in the process of making products available to users for profit or financial gain are subject to liability on a negligence theory.").[4]  It may well be, of course, that at a later stage of this case, proof in support of Mr. and Mrs. Ellis's claims against Nissan will be found to be lacking.  At this juncture, however, where the Court is confined to the pleadings and required to resolve all questions of fact and law against removal, the Court finds that Nissan has not been fraudulently joined to defeat diversity jurisdiction.

### III. CONCLUSION

Mr. and Mrs. Ellis's motion for remand (Doc. 12) is **GRANTED**.  Pursuant to 28 U.S.C. § 1447(c) this action is **REMANDED** to the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois, for lack of federal subject matter jurisdiction.

**IT IS SO ORDERED.**

DATED:  December 4, 2009

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge

---

4.   It should be noted that, in addition to alleging Nissan's control over the design and manufacture of the tie-down system alleged to have injured Mr. Ellis, the complaint seems also to allege that Nissan voluntarily undertook a duty of care to Mr. Ellis by investigating the safety of the tie-down system.  If so, this is an additional basis for finding that Nissan owed a duty to Mr. Ellis.  *See Lange v. Fisher Real Estate Dev. Corp.*, 832 N.E.2d 274, 282-83 (Ill. App. Ct. 2005) (citing Restatement (Second) of Torts § 324A (1965)) (one who undertakes to render services to another, gratuitously or for consideration, can be liable for injuries caused by failure to exercise due care in performing the undertaking).